IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GESA S. KALAFI-FELTON,

                    Plaintiff,                              OPINION AND ORDER

          v.                                               11-cv-480-wmc

PETER HUIBREGTSE, TIM HAINES,
GRAY BROUGHTON, MONICA HORNER,
LYNDA SCHWANDT, BRIAN KOOL, TRACY MARTIN,
MARY TAYLOR, JOANNE GOVIER, THOMAS BELZ,
JARED BARR, JANET FISCHER, JUSTIN PEAK,
CURTIS KEPHART, JACOB DUNBAR, NICHOLAS MORIS,
CHRISTINE WATTERS, LESA NOVINSKA,
MICHAEL SHERMAN, JOHN KUSSMAUL,
MELANIE HARPER, TIMOTHY GILBERG,
LEBBEUS BROWN, KURT HOEPER, DAVID GARDNER,
ELLEN RAY, KELLY TRUMM, CHRISTINE BEERKIRCHER,
PHILLIP HENNEMAN, AARON RICHTER, ROBYN HEDEMAN,
MICHAEL HANSFELD and JERRY MCDANIEL,

                    Defendants.

_____

          Plaintiff Gesa S. Kalafi-Felton filed this complaint under 42 U.S.C. § 1983 alleging that

the defendants have violated his constitutional rights.  Although he paid the $350 filing fee,

because Kalafi is a prisoner, he is subject to the 1996 Prison Litigation Reform Act.  Pursuant

to the Act, the court will screen this complaint pursuant to 28 U.S.C. § 1915A and determine

whether Kalafi's proposed action is (1) frivolous or malicious; (2) fails to state a claim on

which relief may be granted; or (3) seeks money damages from a defendant who is immune

from such relief.  28 U.S.C. § 1915A(b).


ALLEGATIONS OF FACT

          In addressing any pro se litigant's complaint, the court must read the allegations to the

complaint generously.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  In his September 5, 2011

proposed amended complaint, Kalafi alleges and the court assumes for purposes of this screening

order the following facts:

A. Parties

Plaintiff Gesa S. Kalafi is an inmate at the Wisconsin Secure Program Facility located in Boscobel, Wisconsin (WSPF).

Defendant Tim Haines is the current warden at WSPF and defendant Peter Huibregtse was the previous warden. Defendant Gary Broughton was a previous deputy warden. Defendants Monica Horner and Lynda Schwandt were previous security directors.

Defendant Brian Kool is a unit manager at WSPF. Defendant Michael Hansfeld is a supervisor. Defendants Lebbeus Brown, Kurt Hoeper, David Gardner, and Timothy Gilberg are captains.

Defendants Michael Sherman, John Kussmaul, Lesa Novinska, Phillip Henneman and Aaron Richter are sergeants at WSPF. Defendants Mary Taylor, Tracy Martin, Janet Fischer, Joanne Govier, Thomas Belz, Jared Barr, Justin Peak, Curtis Kephart, Jacob Dunbar, Nicholas Moris, Christine Watters, and Jeremy McDaniel are correctional officers.

Defendants Christine Beerkircher, Ellen Ray, and Kelly Trumm are inmate complaint review staff. Defendant Melanie Harper is a social worker.


B. Due Process Claim: High Risk Offender Program

WSPF, has a program called the High Risk Offender Program (HROP). It is a voluntary program for adjustment center inmates. Once an inmate has completed the phases of the program he can return to general population. On June 20, 2008, plaintiff was placed on administrative confinement status. He began the HROP program On September 30, 2008.

Defendants Kool, Taylor, McDaniel, Peak, Fischer, Martin, Barr, Kussmaul and Henneman placed false warnings in plaintiff's behavior log that were used against him,

2

preventing him from advancing through the program.  These defendants, in conjunction with defendants Huibregtse, Ray, Trumm, Beerkircher, Harper, Horner and Broughton, determined that plaintiff could not challenge the warnings being used against him because warnings are not part of the disciplinary process.  However, these warnings were used to deny his advancement in the program.

On February 4, 2010, defendants Kool, Harper, Gardner, Huibregtse, Taylor, Martin, Kussmaul, Barr, Henneman and Broughton held a hearing on plaintiff's promotion to phase green and denied the promotion.  The reasons given by defendant Kool were that other inmates had informed him that plaintiff was planning something and that unit staff feared for their safety around plaintiff.  Defendants Taylor and Martin admitted to Ray after plaintiff filed a complaint that they did not fear for their safety from plaintiff.  Plaintiff alleges that the real reason was that plaintiff showed concern for other inmates.


## C.  Fourth and Eighth Amendment: Strip Searches

On January 1, 2010, while plaintiff was being escorted back from inside recreation, he was strip-searched by defendant Richter.  On January 5, 2010, plaintiff was again strip-searched by defendant Richter and C.O. Cleven.

On April 14, 2010, defendants Sherman, Novinska, Gilberg, Watters, Kephart, Dunbar and Moris searched Kalafi's cell at 12:30 a.m. in the morning.  Defendant Novinska strip-searched him twice at the direction of defendant Gilberg.

Defendant Ray failed to address his complaints concerning excessive strip searches.

D.  <u>Due Process: Deprivation of Property</u>

On January 1, 2010, defendants Brown, Hoeper, Govier, Broughton, Gardner, Huibregtse, Schwandt, and Horner confiscated all of plaintiff's property.  They took his property simply in retaliation.  One of the items confiscated from his property was his Swahili book.  The complaint he filed was denied as moot because the book was returned to him.

Defendants Brown, Hoeper, Govier, Broughton, Gardner, Huibregtse, Schwandt, and Horner left plaintiff in an empty cell for 11 days and then returned his property.  Four days later, they took his property again.  Plaintiff filed inmate complaints on these incidents, which were denied.

E.  <u>Retaliation: Removal from High Risk Offender Program</u>

On February 10, 2010, plaintiff wrote defendant Broughton complaining about the decision on his grievance.  On February 11, 2010, plaintiff received a warning in his behavior log and was kicked out of the program by defendants Kool, Harper, Gardner, Huibregtse, Taylor, Martin, Kussmaul, Barr, Henneman and Broughton for filing a complaint against Broughton the day before.  After plaintiff was removed from the program on February 11, 2010, defendants Kool, Huibregtse, Broughton, Brown Harper, Horner, Schwandt, Taylor and Martin moved him from the AC unit Echo to Fox Trot, a program disciplinary segregation unit.

F.  <u>Fourth and Eighth Amendment: Placement in Security Camera Cell</u>

On May 12, 2010, defendants Kussmaul, Kool, Taylor, McDaniel and Barr moved plaintiff to a security camera cell in the adjustment segregation unit.  Defendant Sherman told

4

plaintiff to turn on his cell light so he could see plaintiff.  Plaintiff wrote Kool several times requesting that the camera be removed but it was not.  Plaintiff filed inmate complaints but defendants Trumm and Huibregtse dismissed the complaints.  Plaintiff remained in this cell from May 12, 2010 until October 27, 2010.

While he was in this cell, the noise level was very loud and he was deprived of sleep.  This can cause psychological concerns.

### G.  Retaliation: Conduct Report for Complaining about Pat Search

On October 27, 2010, plaintiff was moved out of the cell by defendant Kool because defendants Govier and Kussmaul were planning a false retaliatory conduct report.

On October 5, 2010, defendant Govier pat-searched plaintiff inappropriately and unnecessarily.  Defendant Govier gave plaintiff a warning for complaining about the pat search.  He also received a conduct report for in retaliation for complaining about the pat search.

### H. Due Process: Impartial Disciplinary Hearing Officer

At the hearing on this conduct report, defendant Lt. Hansfeld, the hearing officer was prejudiced against plaintiff.  Plaintiff alleges that Hansfeld falsified the record of the hearing.

### I. Denial of Access to the Courts-Inmate Complaint Reviewers

Defendants Christine Beerkircher, Ellen Ray and Kelly Trumm are the staff who operate the inmate complaint review system at WSPF.  They manage "a sham operation" and prevent inmates from filing timely complaints.

OPINION

As the Court of Appeals for the Seventh Circuit has emphasized, district courts have an independent duty to apply the permissive joinder rule stated in Fed. R. Civ. P. 20 to prevent improperly joined parties from proceeding in a single case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (complaint raising unrelated issues against different defendants "should be rejected" by district court in accordance with Rule 20); *see also Boriboune v. Berge,* 391 F.3d 852, 856 (7th Cir. 2004) ("district courts must accept complaints filed by multiple prisoners *if the criteria of permissive joinder* are satisfied") (emphasis added); Fed. R. Civ. P. 21 (at any time, on its own motion, court may add or drop a party or sever claim against party).  Rule 20 prohibits plaintiffs from joining together to file one action unless their claims arise out of "the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action."  In addition, Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim of relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  <u>George</u>, 507 F.3d at 607; 3A <u>Moore's Federal Practice</u> § 20.06, at 2036-2045 (2d ed. 1978).

Only after the requirements for joinder of parties have been satisfied under Rule 20 may a plaintiff use Fed. R. Civ. P. 18 to join any unrelated claims against the multiple defendants or any combination of them.  <u>Intercon Research Assn., Ltd. v. Dresser Ind., Inc.</u>, 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., <u>Federal Practice & Procedure</u>).  In other words, only once the core set of allowable defendants has been determined under Rule 20 may

a plaintiff join additional unrelated claims against one or more of those defendants under Rule 18. Also, under Rule 18 a party cannot join claims involving any defendant outside the core group identified under Rule 20

Plaintiff in this case asserts separate claims against different "core groups" of defendants for different incidents. The court understands plaintiff to be bringing the following claims, which actually divide into eight separate lawsuits.

Lawsuit #1:   Defendants Kool, Taylor, McDaniel, Peak, Fischer, Martin, Barr, Kussmaul and Henneman, Huibregtse, Ray, Trumm, Beerkircher, Harper, Horner and Broughton, Gardner of denying him due process by denying him advancement in the High Risk Offender Program.

Lawsuit #2:   Defendants Richter, Sherman, Novinska, Gilberg, Watters, Kephart, Dunbar and Moris violated his Fourth and Eighth Amendment rights to be free from unreasonable searches?

Lawsuit #3:   Defendants Brown, Hoeper, Govier, Broughton, Gardner, Huibregtse, Schwandt and Horner deprived plaintiff of his property without due process.

Lawsuit #4:   Defendants Kool, Harper, Gardner, Huibregtse, Taylor, Martin, Kussmaul, Barr, Henneman, Broughton, Brown, Horner and Schwandt removed him from the High Risk Offender Program and moved him to the Adjustment Center in retaliation for filing a complaint against defendant Broughton.

Lawsuit #5:   Defendants Kussmaul, Kool, Taylor, McDaniel, and Barr moved him to a security camera cell in violation of the Fourth and Eighth Amendment and that defendants Trumm and Huibregtse failed to correct the violation.

Lawsuit #6:   Defendants Kool, Govier, and Kussmaul retaliated against him when he complained of a pat search by defendant Govier.

7

Lawsuit #7:   Defendant Hansfeld denied him due process when he was an impartial hearing officer on his conduct report arising out of the pat search by defendant Govier.

Lawsuit #8:   Defendants Beerkircher, Ray and Trumm denied him access to the courts by failing to properly administer the inmate complaint review system.

Because these eight claims involve separate transactions against a different core set of defendants, they may not be brought in a single lawsuit. Under *George*, the court may apply the filing fee plaintiff owes in this case to only one of the lawsuits identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other seven lawsuits, plaintiff must make choices. He may choose to pursue each lawsuit separately. In that case, he will be required to pay a separate filing fee for each case that he pursues. In addition, plaintiff may be subjected to a separate strike for each of the separate lawsuits that he pursues if any claim in that lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee (except in very narrow circumstances). 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss any or all of his remaining lawsuits voluntarily. If he chooses this latter route, then plaintiff will not owe additional filing fees or face strikes for those lawsuits. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, the court has not assessed the merits of the claims raised in any of the lawsuits identified above. Once plaintiff identifies the suits he wants to continue to litigate, the

8

court will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2). Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

ORDER

IT IS ORDERED that:

1. No later than October 24, 2011, plaintiff must identify for the court which one of the eight separately numbered lawsuits identified above in opinion he wishes to pursue under the case number assigned to his complaint.

2. Not later than October 24, 2011, plaintiff must tell the court which of the remaining separately numbered lawsuits he will continue to prosecute at this time, if any, and which of the remaining lawsuits he will withdraw voluntarily at this time, if any.

3. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

4. For any lawsuit that plaintiff advises the court he intends to prosecute at this time (other than the one he keeps under this case number), he will owe a separate $350 filing fee.

5. If plaintiff fails to respond to this order by October 24, 2011, then I will enter an order dismissing without prejudice this entire lawsuit as it currently is presented, based on plaintiff''s failure to prosecute it.

Entered this 22nd day of September, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge